

JUDGE OETKEN

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>LISA ANN SCHIFF,<br><br>Defendant. | **INFORMATION**<br><br>24 Cr.<br><br> |

### COUNT ONE
### (Wire Fraud)

The United States Attorney charges:

#### Overview of the Scheme

1. From at least in or about 2018 through at least in or about May 2023, LISA ANN SCHIFF, the defendant, engaged in a scheme to defraud her clients by either (i) diverting client funds that SCHIFF had represented would be used to purchase certain artworks on behalf of her clients or (ii) diverting funds owed to her clients from the sale of artworks. SCHIFF misappropriated client funds in order to, among other things, pay other debts that she or her business owed and to pay for her personal expenses.

2. At all relevant times, LISA ANN SCHIFF, the defendant, was a Manhattan-based art advisor focused on contemporary art who operated Schiff Fine Art ("SFA"). SCHIFF had clients based in New York City, Massachusetts, California, and Florida, among other places. SCHIFF advised clients regarding the purchase and sale of artworks and bought and sold artworks on behalf of clients in exchange for a commission and purchased and sold artwork for herself and her business.



3. LISA ANN SCHIFF, the defendant, acted as an intermediary between art galleries and auction houses, and her clients, who were art collectors. Typically, when SCHIFF's clients bought or sold artworks, payments were routed through SCHIFF's business, SFA. When a client purchased an artwork from a gallery, SCHIFF, through SFA, invoiced the client, the client paid SCHIFF via SFA, the gallery (*i.e.*, the seller of the artwork) invoiced SFA, and SCHIFF via SFA paid the gallery. SCHIFF then coordinated delivery of the artwork from the gallery to the client. When SCHIFF sold an artwork on behalf of a client, SCHIFF, through SFA, invoiced the buyer, received payment from the buyer, provided a statement of sale to the client, and remitted the payment owed to the client. SCHIFF then coordinated the delivery of the artwork, which was already in SCHIFF's custody or control, to the buyer. SCHIFF, through SFA, took a commission when buying and selling artwork, and she disclosed the commission on the invoices. At times, SCHIFF, through SFA, also sold artwork on consignment on behalf of artists and other galleries.

4. Starting in or about 2018, LISA ANN SCHIFF, the defendant, began defrauding her clients. SCHIFF primarily defrauded her clients in two ways: (i) not remitting payments to her clients when she sold their artwork while not disclosing to her clients that their artworks had, in fact, been sold; and (ii) not purchasing artworks on behalf of her clients when SCHIFF had represented to her clients that she would purchase certain artworks on their behalf using their funds. Instead of using client funds as SCHIFF had promised, SCHIFF used her clients' money to pay other debts and expenses. At times, SCHIFF used a payment from or owed to one client to covertly complete a transaction on behalf of another client from whom she had previously diverted funds.

5. LISA ANN SCHIFF, the defendant, made false statements and material omissions in furtherance of her fraud scheme. For example, when defrauding clients in connection with sales, SCHIFF at times, lied to clients, claiming she had not yet sold the artwork, or the buyer was

2

delayed in making payment and SCHIFF had not yet released the artwork to the buyer, when, in fact, SCHIFF had sold the artwork, received payment from the buyer, and delivered the artwork to the buyer. When defrauding a client in connection with purchases, SCHIFF invoiced the client for the purchase and claimed a 10% commission, but SCHIFF did not use the client's funds to purchase the client's artwork as invoiced and instead diverted the funds for other, unrelated purposes. At times, SCHIFF made false statements to galleries, blaming delays in payment on clients when, in fact, clients had already paid SCHIFF for the purchase of the artwork. SCHIFF also defrauded one artist, the estate of another artist, and a gallery by diverting their proceeds from the sale of their artworks to cover SCHIFF's own debts. SCHIFF perpetuated the scheme, in part, by sending emails and text messages to clients and galleries, in which she sent invoices and statements of sale in connection with fraudulent transactions and made false statements regarding whether she had received payments. SCHIFF also caused clients to send payments to SFA by wire transfer under the false pretense that she would purchase certain artworks on their behalf.

6. Over the next several years, until in or about May 2023, LISA ANN SCHIFF, the defendant, defrauded at least twelve clients, one artist, the estate of another artist, and one gallery, collectively of approximately $6.5 million in connection with the purchase or sale of approximately fifty-five artworks. During that time, SCHIFF lived lavishly and incurred significant debts and expenses, which she paid for in part using the funds she had diverted from her clients.

7. In or about May 2023, LISA ANN SCHIFF, the defendant, could no longer conceal her fraud scheme due to mounting debts. SCHIFF confessed to several clients that she had stolen their money. Shortly thereafter, SFA entered proceedings for the Assignment for the Benefit of Creditors in New York, and later SFA and SCHIFF entered federal bankruptcy proceedings.

## Statutory Allegations

8. From at least in or about 2018 through at least in or about May 2023, in the Southern District of New York and elsewhere, LISA ANN SCHIFF, the defendant, knowingly having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, transmitted and caused to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds, for the purpose of executing such scheme and artifice, to wit, SCHIFF, a New York City-based art advisor, engaged in a scheme to defraud her clients by diverting proceeds of the sales of their artworks or their payments to purchase artworks to pay for other expenses and debts, and SCHIFF made false statements to her clients regarding how their funds would be used and the status of the sales of their artworks in order to conceal the scheme, and sent and received electronic communications, to and from the Southern District of New York and elsewhere, in furtherance of the scheme.

(Title 18, United States Code, Sections 1343 and 2.)

## FORFEITURE ALLEGATION

9. As a result of committing the offense alleged in Count One of this Information, LISA ANN SCHIFF, the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28 United States Code, Section 2461(c), any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of said offense, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offense.

## Substitute Assets Provision

10. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third person;

   c. has been placed beyond the jurisdiction of the Court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

(Title 18, United States Code, Section 981;
Title 21, United States Code, Section 853; and
Title 28, United States Code, Section 2461.)

*Damian Williams*
DAMIAN WILLIAMS
United States Attorney