OAHVSCHP

1  UNITED STATES DISTRICT COURT
   SOUTHERN DISTRICT OF NEW YORK
2  ------------------------------x

3  UNITED STATES OF AMERICA,

4            v.                          24 Cr. 605 (JPO)

5  LISA ANN SCHIFF,

6            Defendant.                  Plea

7  ------------------------------x

8                                        New York, N.Y.
                                         October 17, 2024
9                                        11:40 a.m.

10

   Before:
11
                    HON. J. PAUL OETKEN,
12
                                         District Judge
13

14                      APPEARANCES

15
   DAMIAN WILLIAMS
16      United States Attorney for the
        Southern District of New York
17 CECILIA E. VOGEL
        Assistant United States Attorney
18
   RANDY S. ZELIN
19      Attorney for Defendant

20 Also Present:  Courtney DeFeo, Pretrial Services
                  Jessica Dittmer, FBI
21

22

23

24

25

OAHVSCHP

1          (Case called)

2          THE DEPUTY CLERK:  Starting with the government,

3    counsel, please state your name for the record.

4          MS. VOGEL:  Good morning, your Honor.

5          Cecilia Vogel, for the government.  And I'm joined at

6    counsel's table by Special Agent Jessica Dittmer from the FBI,

7    as well as from pretrial services, Courtney DeFeo.

8          THE COURT:  Good morning.

9          MR. ZELIN:  Good morning, your Honor.

10         My name is Randy Zelin, for the defendant, Lisa

11   Schiff, who is seated to my right and your Honor's left.

12         THE COURT:  Good morning.

13         You all can remain seated.  And you can go ahead and

14   have a seat.  And I know it's not -- most lawyers aren't used

15   to it, but you can just remain seated and speak into the

16   microphone, because these microphones are actually made for

17   seating.

18         Is this Ms. Schiff's initial appearance in court on

19   this matter?

20         MS. VOGEL:  That's right, your Honor.

21         THE COURT:  All right.

22         I understand, Mr. Zelin, that Ms. Schiff is prepared

23   to waive indictment and be arraigned on an information and

24   plead guilty pursuant to a plea agreement; is that correct?

25         MR. ZELIN:  Yes, your Honor.

OAHVSCHP

1            THE COURT:  And with respect to release on bail

2    pending sentencing, do the parties have an agreed-upon bail

3    proposal?

4            MS. VOGEL:  We do.

5            THE COURT:  All right.  We'll get to that in a minute.

6            Ms. Schiff, I'm Judge Oetken; and I'm the judge who's

7    been assigned to this case.

8            I'm going to begin, as I'm required to do, by advising

9    you of certain rights that you have and making sure that you've

10   been informed of the charge against you.

11           You have the right to remain silent; you are not

12   required to make any statements.  Even if you have made any

13   statements to authorities, you do not need to make any further

14   statements.  Any statements that you do make can be used

15   against you.

16           You do have the right to be represented by an attorney

17   during all court proceedings, including this one, and during

18   all questioning by authorities.  And if you cannot afford an

19   attorney, I'll appoint an attorney to represent you.

20           You have the right to be released either conditionally

21   or unconditionally, unless I find that there are no conditions

22   that would reasonably assure your presence in court and the

23   safety of the community.

24           Mr. Zelin, are you retained or appointed as counsel?

25           MR. ZELIN:  Retained, your Honor.

OAHVSCHP

1            THE COURT:  All right.

2            Now, let's address the issue of bail.  If you could

3     just summarize the agreed-upon terms of bail.

4            MS. VOGEL:  Yes, your Honor.

5            So the parties have agreed on a $20,000 bond to be

6     signed by one financially responsible cosigner, and then

7     including the conditions that pretrial services laid out in its

8     report, which include supervision as directed, surrender of all

9     travel documents, and to make no new applications.  And my

10    understanding is Ms. Schiff has her travel documents here today

11    and is prepared to hand them over.  Travel restricted to the

12    Southern and Eastern Districts of New York.  Mental health

13    evaluation and treatment as directed; and drug testing and

14    treatment as directed.

15            In addition, with respect to the cosigner, we ask for

16    one week to complete that.

17            THE COURT:  All right.

18            And those terms are acceptable to the defense?

19            MR. ZELIN:  Yes, your Honor.

20            THE COURT:  All right.

21            Thank you for the pretrial services report which I've

22    reviewed.  And based on my review of the materials, including

23    the report and the agreement of counsel, I accept that

24    recommendation, and I'm signing the report confirming those

25    conditions of release on bail.

OAHVSCHP

1          Ms. Schiff, I am required to warn you that if you fail

2     to appear in court in further proceedings, including the

3     sentencing — assuming that a sentencing will be set today — or

4     if you violate any of the conditions of your release, a warrant

5     may be issued for your arrest; and you and anyone who signs the

6     bond will be responsible for paying its full amount.  And you

7     may be charged with a separate crime of bail jumping.  In

8     addition, if you commit an offense while you're released,

9     you'll be subject to additional punishment.

10          Now I'll turn to the waiver and arraignment on the

11    information in this case which is the charging document.

12          I have here what's called a waiver of indictment.

13    There's something called a grand jury, which ordinarily hands

14    down an indictment based on probable cause; but you can waive

15    indictment and proceed with the charge on the basis of what's

16    called an information.

17          Did you sign this waiver of indictment form,

18    Ms. Schiff?

19          THE DEFENDANT:  Yes, your Honor.

20          THE COURT:  And did you discuss it with your attorney

21    before you signed it?

22          THE DEFENDANT:  Yes, your Honor.

23          THE COURT:  And did you sign the waiver of indictment?

24          THE DEFENDANT:  Yes.

25          THE COURT:  And did you discuss it with your attorney

OAHVSCHP

1    before you signed it?

2            THE DEFENDANT:  Yes, your Honor.

3            THE COURT:  And do you understand you're not obligated

4    to waive indictment?

5            THE DEFENDANT:  Yes, I do.

6            THE COURT:  And if you did not waive indictment, in

7    order for the government to pursue any charges, they'd have to

8    present their case to the grand jury first.

9            Do you understand that?

10           THE DEFENDANT:  Yes, I do.

11           THE COURT:  And by signing this waiver of indictment,

12   you're agreeing to proceed not by a grand jury, but by an

13   information.  You understand?

14           THE DEFENDANT:  Yes.

15           THE COURT:  And you're doing that voluntarily?

16           THE DEFENDANT:  Yes.

17           THE COURT:  All right.  I find the defendant has

18   knowingly and voluntarily waived her right to be indicted by a

19   grand jury; and I authorize the filing of the information.

20           The information has one count of wire fraud.  Have you

21   seen a copy of that information and do you understand the

22   charge against you?

23           THE DEFENDANT:  Yes.

24           THE COURT:  And I can read the charge publicly or you

25   can waive public reading.  Do you wish to waive public reading

OAHVSCHP

1    at this time?

2            MR. ZELIN:  So waived.

3            If your Honor please, for purposes of the initial

4    presentment, we would enter a plea of not guilty.

5            THE COURT:  All right.  Thank you.

6            I direct the prosecution to comply with its obligation

7    under *Brady v. Maryland* and progeny to disclose to the defense

8    all information, whether admissible or not, that is favorable

9    to the defense and the defendant, and material to guilt or

10   punishment, and known to the prosecution.  Consequences for not

11   complying with this may include dismissal of charges, exclusion

12   of evidence or discipline or sanctions on the attorneys

13   responsible.  I'll be entering a written order describing this

14   obligation as well.

15           Does the prosecution confirm that it understands these

16   obligations and will fulfill them?

17           MS. VOGEL:  I do.

18           THE COURT:  All right.

19           And now we'll turn to the guilty plea proceeding.

20           Ms. Schiff, I've been informed that you wish to plead

21   guilty to Count One of the information; is that correct?

22           THE DEFENDANT:  Yes.

23           THE COURT:  Before accepting your plea, I'm going to

24   ask you a number of questions.  And the reason for that is to

25   establish that you're pleading guilty because you, in fact, are

OAHVSCHP

1 | guilty of this crime and not because of some other reason or

2 | not because of any undue pressure or anything like that.

3 | If you don't understand any of my questions or if

4 | you'd like to take a break at any point and speak further with

5 | your lawyer, just let me know and that will not be a problem.

6 | You will now be placed under oath by Mr. Hampton.

7 | (Defendant sworn)

8 | THE COURT:  You're now under oath.  And that means if

9 | you answer my questions falsely, you could be subject to a

10 | prosecution for perjure.  Do you understand?

11 | THE DEFENDANT:  Yes.

12 | THE COURT:  What's your full name?

13 | THE DEFENDANT:  Lisa Ann Schiff.

14 | THE COURT:  And how old are you?

15 | THE DEFENDANT:  54.

16 | THE COURT:  How far did you go in school?

17 | THE DEFENDANT:  Doctorate.

18 | THE COURT:  In what?

19 | THE DEFENDANT:  Art history.

20 | THE COURT:  Have you ever been treated or hospitalized

21 | for any mental illness?

22 | THE DEFENDANT:  I'm under psychiatric treatment.

23 | THE COURT:  For things like depression and anxiety or

24 | anything else?

25 | THE DEFENDANT:  For addiction.

OAHVSCHP

1              THE COURT:  Okay.

2              And have you ever been treated or hospitalized for

3    addiction?

4              THE DEFENDANT:  I've been to a rehabilitation center.

5              THE COURT:  Okay.  And in the past 24 hours, have you

6    taken any pills or medicine or alcohol?

7              THE DEFENDANT:  I've taken medicine.

8              THE COURT:  All right.

9              And have you taken any medicine or are you taking any

10   medication that affects your ability to remember things or to

11   understand what's happening?

12             THE DEFENDANT:  No, not at all.

13             THE COURT:  And do you feel like you understand what's

14   happening today?

15             THE DEFENDANT:  Very much so.

16             THE COURT:  Okay.

17             Does either counsel have any doubt as to the

18   defendant's competence to plead at this time?

19             MS. VOGEL:  No, your Honor.

20             MR. ZELIN:  No, your Honor.

21             THE COURT:  Based on her responses to my questions and

22   her demeanor, I find that the defendant is competent to enter a

23   plea of guilty at this time.

24             Ms. Schiff, have you had a sufficient opportunity to

25   discuss your case with your attorney, including the specific

OAHVSCHP

1    charge that you're pleading guilty to, any potential defenses,

2    and the consequences of pleading guilty?

3            THE DEFENDANT:  Yes, I do.

4            THE COURT:  And are you satisfied with your attorney's

5    representation of you?

6            THE DEFENDANT:  Yes, I am.

7            THE COURT:  I'm now going to explain certain

8    constitutional rights that you have.  You give up certain

9    rights when you plead guilty, and so I just want to make sure

10   you understand those rights.

11           Under the Constitution and laws of the United States,

12   you have the right to a speedy and public trial by a jury on

13   the charge in the information.

14           At the trial, you would be presumed innocent and the

15   government would have to prove you guilty beyond a reasonable

16   doubt before you could be convicted.  You would not have the

17   burden of proving you're innocent.  The government would have

18   the burden of proving that you're guilty beyond a reasonable

19   doubt.  And all 12 jurors would have to agree with that

20   determination that you were guilty beyond a reasonable doubt

21   before you could be found guilty.

22           At that trial and at every stage of the case, you'd be

23   entitled to be represented by a lawyer; and if you couldn't

24   afford one, I would appoint a lawyer to represent you.

25           During a trial, the witnesses for the government would

OAHVSCHP

1    have to come to court and testify in your presence; and your

2    lawyer would be able to cross-examine the witnesses for the

3    government, object to evidence offered by the government, and

4    offer evidence and compel witnesses to testify in your defense.

5              You understand all that?

6              THE DEFENDANT:  Yes, I understand.

7              THE COURT:  At a trial, you'd have the right to

8    testify if you chose to, but you would also have the right not

9    to testify.  And no inference or suggestion of guilt could be

10   drawn by the jury from the fact that you did not testify, if

11   that's what you chose.  Do you understand that?

12             THE DEFENDANT:  Yes, I do.

13             THE COURT:  Also, if you are convicted at a trial,

14   you'd have the right to appeal that verdict to the Court of

15   Appeals.  Do you understand that?

16             THE DEFENDANT:  Yes, your Honor.

17             THE COURT:  Even at this time, as you're entering this

18   plea, you do have the right to change your mind, continue with

19   a not-guilty plea, and have a trial on this charge.

20             Do you understand that?

21             THE DEFENDANT:  Yes.

22             THE COURT:  And if you plead guilty and I accept your

23   plea, to be clear, you'll be giving up your right to a trial

24   and the other rights I just described.  Instead there will be

25   no trial, but I will enter judgment of guilty and then set a

OAHVSCHP

1    date for sentencing.  And at that time I'll sentence you based

2    on a presentence report and a sentencing guideline calculation,

3    as well as any written submissions that are submitted by your

4    counsel and the government.  Do you understand that?

5                    THE DEFENDANT:  Yes.

6                    THE COURT:  And if you do plead guilty, you will have

7    to give up your right not to incriminate yourself, because I

8    will ask you what you did to satisfy myself that you are, in

9    fact, guilty as charged.  Do you understand?

10                   THE DEFENDANT:  Yes, your Honor.

11                   THE COURT:  I'll ask Ms. Vogel for the government if

12   you'd please state the elements of the offense.

13                   MS. VOGEL:  Yes, your Honor.

14                   So to prove wire fraud, the government would have to

15   prove the following elements beyond a reasonable doubt:

16                   First, the existence of, A, a scheme to defraud; or,

17   B, a scheme to defraud others of money or property by false and

18   fraudulent representations or promises.

19                   Second, the defendant knowingly participated in the

20   scheme to defraud with knowledge of the fraudulent nature and

21   with specific intent to defraud.

22                   And third, the defendant used or caused the use of

23   interstate or international wire transfers.

24                   In addition, the government would have to prove that

25   venue is proper in the Southern District of New York by a

OAHVSCHP

1    preponderance of the evidence.

2                THE COURT:  Thank you.

3                Those are the elements of the crime of wire fraud.

4                I also want to explain the maximum punishment under

5    the statute.  There's the sentencing guidelines, which are

6    different, and I'll get to those in a minute.

7                But under the statute, there's a maximum of 20 years'

8    imprisonment, a maximum fine of the greatest of $250,000 or

9    twice the financial gain from the offense or twice the loss to

10   others; also a $100 special assessment, which is mandatory, and

11   a maximum term of what's called supervised release of three

12   years.

13               Supervised release is essentially like probation; it

14   means that you're subject to terms and conditions following any

15   term of imprisonment.  And during that term, you must comply

16   with those terms and conditions; and if you fail to, you can be

17   returned to prison.

18               Also as part of your plea agreement, you must admit to

19   the forfeiture allegation in the information and agree to

20   forfeit to the government the amount of $6,408,538.29,

21   representing proceeds traceable to the offense; and also, you

22   must agree to make restitution to victims in an amount to be

23   ordered by the Court.

24               Are you a United States citizen?

25               THE DEFENDANT:  Yes, I am.

OAHVSCHP

1          THE COURT:  All right.

2          I also want to explain that if anyone has attempted to

3  predict what your sentence will be, I want to make it clear

4  that I'm the one who's going to determine your sentence, not

5  today, but at the time of sentencing; so no one else can

6  guarantee you what your sentence is going to be.  And in the

7  event that your sentence is different from what you expect, you

8  will still be bound by your guilty plea.

9          Do you understand that?

10          THE DEFENDANT:  Yes, your Honor.

11          THE COURT:  Has anyone threatened you or forced you to

12  plead guilty?

13          THE DEFENDANT:  No, your Honor.

14          THE COURT:  And did you enter into a plea agreement

15  with the government?

16          THE DEFENDANT:  Yes, your Honor.

17          THE COURT:  I have a seven-page document that appears

18  to have signatures on the last page next to your name.

19          Did you sign this?

20          THE DEFENDANT:  Yes, I did, your Honor.

21          THE COURT:  And before you signed this agreement, did

22  you have a chance to fully read it and discuss it with

23  Mr. Zelin?

24          THE DEFENDANT:  Yes.

25          THE COURT:  You feel you understand everything in that

OAHVSCHP

1    agreement?

2              THE DEFENDANT:  Yes.

3              THE COURT:  Do you have any side deal or side promise

4    from the government that's been left out of that agreement?

5              THE DEFENDANT:  No, your Honor.

6              THE COURT:  All right.

7              I mentioned the sentencing guidelines, which are

8    something that are advisory.  I'm required to consider them,

9    along with other factors, and consider them as a benchmark for

10   sentencing in every federal sentencing situation.

11             In this case, you and the government have agreed to a

12   stipulated guideline range of 41 months to 51 months'

13   imprisonment.  That's not binding on me.  And I will do my own

14   calculation of the guidelines, although I believe that that is

15   correct, as far as I can tell.

16             Do you understand that under the agreement, you're

17   giving up your right to appeal or challenge your sentence as

18   long as I sentence you within or below that guideline range?

19             THE DEFENDANT:  Yes, I understand.

20             THE COURT:  And having gone through these questions,

21   do you still wish to plead guilty?

22             THE DEFENDANT:  Yes, your Honor.

23             THE COURT:  All right.

24             And does counsel believe there's any additional

25   questions or any clarifications that I should make before

1    asking the defendant what she did?

2              MS. VOGEL:  No, your Honor.  Thank you.

3              THE COURT:  Defense counsel, anything further?

4              MR. ZELIN:  Nothing.

5              If your Honor please.

6              THE COURT:  Yeah.

7              MR. ZELIN:  And I ask in advance.

8              Given the solemnity of the moment and the

9    nerve-racking nature of a change of plea proceeding, I ask that

10   my client be permitted to read her allocution.  These are our

11   words; they are not my words.  And it just would be easier if

12   your Honor would afford us that accommodation.

13             THE COURT:  Absolutely.  That's no problem.

14             That is not uncommon in these situations, and that's

15   fine.  I just want to make sure that as you're reading it, make

16   sure everything you're reading is, in fact, accurate, okay.

17             So tell me in your own words what you did that makes

18   you believe you are guilty of this charge.

19             THE DEFENDANT:  From at least in or about 2018,

20   through at least in or about May of 2023, in the Southern

21   District of New York and elsewhere, I lied to my art advisory

22   collector's clients to avoid paying them for artwork they had

23   sold or to use their money earmarked for the purchase of

24   artwork.  Instead, I used these funds to pay for my business

25   and personal expenses.  I used electronic communications,

OAHVSCHP

1    including email and text, when communicating with my clients,

2    some of whom I understood to be located outside of New York

3    state while I was texting or emailing from Manhattan.

4              MR. ZELIN:  Thank you, your Honor.

5              THE COURT:  Thank you.

6              And I know you were reading that.  I know it's not

7    easy to read that.  But just to confirm, everything you just

8    read, is that true?

9              THE DEFENDANT:  Yes, it is.

10             THE COURT:  All right.

11             And did you understand that what you were doing was

12   against the law?

13             THE DEFENDANT:  Yes.

14             THE COURT:  All right.  Thank you.

15             Does government counsel believe that that is a

16   sufficient factual basis for the plea?

17             MS. VOGEL:  Yes.

18             THE COURT:  And does defense counsel agree as well?

19             MR. ZELIN:  Yes.  Thank you.

20             THE COURT:  All right.

21             Ms. Schiff, since you acknowledge that you are, in

22   fact, guilty as charged in the information, and I'm satisfied

23   that you know your rights, including your right to go to trial,

24   and are aware of the consequences of your plea, I find you are

25   voluntarily pleading guilty and I hereby accept your guilty

OAHVSCHP

1    plea and enter judgment of guilty on Count One of the

2    information.

3              Also, there's a preliminary order of forfeiture which

4    the parties have signed.  And I am signing the consent

5    preliminary order of forfeiture.

6              Now we'll set a date for sentencing.

7              Normally, the sentencing date is about three months

8    out because the probation department prepares what's called a

9    presentence report or presentence investigation report, which

10   is based on an investigation they do; typically involves an

11   interview with the defendant where her counsel will be able to

12   be present.  And there's a lot of information in that

13   presentence report about your background and employment and

14   family and all sorts of things, and I take all of that into

15   account.  So please make sure that what you do talk about is

16   accurate.

17             And normally, you have a chance to review that, a

18   draft of that, to make any corrections.  So if you would --

19   probation will contact Mr. Zelin.  If you could arrange that

20   interview in the next two weeks, and if the government could

21   provide the case statement to probation within two weeks to get

22   that process going.

23             Normally, as I said, about three months, we'd be

24   looking at January, say January 17th, which is a Friday.  If

25   that date doesn't work, I can look at other dates.  I was going

OAHVSCHP

1      to propose January 17th, 2025, at 10:30 a.m.

2              MS. VOGEL:  That's fine for the government.

3              MR. ZELIN:  It's fine with the defense, your Honor.

4              Thank you.

5              THE COURT:  All right.  Thank you.

6              Sentencing is set for January 17th, 2025, at 10:30

7      a.m.

8              And defense, any written submission for the defendant

9      will be two weeks before -- due two weeks before sentencing,

10     January 3rd; and the government's submission, one week before

11     sentencing, which is January 10th.

12             And as I said, I've signed the order of forfeiture and

13     I'm signing the bail disposition order.  And I think that

14     covers -- anything else from the government?

15             MS. VOGEL:  No.  Thank you.

16             THE COURT:  Anything else from the defense?

17             MR. ZELIN:  No, your Honor.  Thank you.

18             THE COURT:  Okay.  Thank you, all.

19             We're adjourned.

20                          *    *    *

21

22

23

24

25