UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

-v-

LISA ANN SCHIFF,
                Defendant.

24-CR-605 (JPO)

ORDER

---

J. PAUL OETKEN, District Judge:

In anticipation of her sentencing, Defendant Lisa Ann Schiff filed a sentencing memorandum on March 5, 2025, under seal, which included her own letter and character letters from family members and friends. (ECF No. 19.) On March 19, 2025, after reviewing these submissions and hearing testimony from Schiff and others, the Court sentenced Schiff to 30 months' imprisonment. (*See* ECF No. 29.)

Following the sentencing, the parties conferred regarding which portions of Schiff's submission should be public, and which portions may be redacted to preserve Schiff's privacy. On April 15, 2025, the Government updated the Court that they "agreed to redactions of information regarding any medical or mental health evaluations or medical or other treatments of the defendant, information regarding the defendant's minor son, and identifying information of the individuals who submitted character letters for the defendant, given the media attention this case has received." (ECF No. 33 at 1-2.) However, the parties disagreed as to whether it was proper for Schiff to redact page 22 of her own letter and the two character letters submitted by her parents. (*Id.* at 2.) The parties then submitted briefing on these redactions directly to the Court.

Both the common law right of access to judicial proceedings and the First Amendment create "a presumption in favor of public access to, and against sealing of, judicial documents."

*United States v. Sattar*, 471 F. Supp. 2d 380, 384 (S.D.N.Y. 2006); *United States v. Amodeo*, 71 F.3d 1044, 1047 (2d Cir. 1995).  After determining that the documents are "judicial documents," which they undoubtedly are here, a court must determine the "weight of the presumption of access" and balance that against any "competing considerations" such as "privacy interests of those resisting disclosure."  *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006).

Schiff argues that the contents of these letters were private "family affairs" and "embarrassing conduct with no public ramifications," thus weighing against affording public access.  (Defense submission on May 8, 2025 (quoting *Amodeo*, 71 F.3d 1044, 1051).)  The Court disagrees.  Character letters, including the two submitted by Schiff's parents, informed the Court's sentencing of Schiff.  And they do not disclose any deeply personal information about Schiff's parents or Schiff herself, beyond what was relevant to—and already public about—the criminal conduct at issue in the case.  Second, page 22 of the sentencing submission was a part of the narrative Schiff told the Court to help explain what led her to defraud her clients.  That particular page does not include sensitive information sufficient to prohibit public access.

For the foregoing reasons, Schiff's motion to seal page 22 of the sentencing submission and the character letters submitted by Schiff's parents is denied.

Schiff is directed to file an updated version of her sentencing submission, with only the redactions agreed upon between the parties.

The Clerk of Court is directed to close the motions at Docket Numbers 19, 20, and 33.

SO ORDERED.

Dated: June 12, 2025
New York, New York

_____
J. PAUL OETKEN
United States District Judge