UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>-v-<br><br>LISA ANN SCHIFF,<br>Defendant. | 24-CR-605 (JPO)<br><br>ORDER |

J. PAUL OETKEN, District Judge:

Defendant Lisa Ann Schiff, proceeding *pro se*, has filed a motion for an order to schedule specific payments while incarcerated. (ECF No. 40.) Schiff asks the Court to set her restitution payments at $50.00 per month during the remainder of her incarceration on the basis that any restitution payments over $50.00 per month will be a financial hardship to her and her family. (*Id.*) The government opposes the motion. (ECF No. 41.)

The terms of the Court's restitution order require Schiff to pay $9,147,789.26 in restitution and to make monthly payments of at least twenty percent of her gross income. (ECF No. 26 at 1-2.) However, while incarcerated, Schiff may make monthly payments through the Bureau of Prisons ("BOP") Inmate Financial Responsibility Program ("IFRP"). (*Id.* at 2.) Schiff has elected to participate in the IFRP and has made minimal payments of $58 per month from August 2025 to January 2026. (ECF No. 41 at 1.)

To the extent Schiff argues that $58 is an unreasonably high monthly payment, she is challenging the manner in which BOP, through the IFRP, is executing the restitution component of her sentence. The appropriate vehicle for such a challenge is a habeas petition filed pursuant to 28 U.S.C. § 2241 in the District of West Virginia, where she is serving her sentence, after she has exhausted her administrative remedies. *See United States v. Outlaw*, No. 20-CR-00626, 2023 WL 5835745, at *1 (S.D.N.Y. Sept. 8, 2023) ("Because challenges to the IFRP such as this

are properly brought by way of habeas petition, defendants must first exhaust their administrative remedies prior to filing a petition."); *Eaton v. Recktenwald*, No. 13-CV-4446, 2014 WL 2200458, at *4 (S.D.N.Y. May 27, 2014) (collecting cases for the proposition that challenges to the collection of restitution by the BOP should be brought as § 2241 petitions). Accordingly, this Court is not the proper venue and this motion is not the proper vehicle for Schiff's challenge to her monthly payment amount as set under the IFRP.

To the extent Schiff seeks a modification of this Court's prior restitution order, she has failed to meet her burden of showing that such a modification is warranted. In setting the schedule of payments, the Court considered Schiff's financial resources and assets. (*See* ECF No. 26 at 2.) The Court may adjust a payment schedule upon notification that there has been a material change in a defendant's economic circumstances that might affect her ability to pay restitution. 18 U.S.C. § 3664(k). Schiff has not demonstrated that there has been such a material change in her circumstances that she cannot comply with the payment schedule. The fact of her incarceration had previously been considered by the Court in setting the restitution payment schedule and is not a proper basis for modification. *See United States v. Schwartz*, No. 21-CR-298, 2026 WL 1960811, at *2 (N.D.N.Y. June 30, 2026) (denying motion for modification where claimed changes in economic circumstances "would necessarily follow from [the defendant's] incarceration" and such changes "were contemplated by [the] Court at sentencing"). She points to no other basis for modification. (*See* ECF No. 40.)

For the foregoing reasons, Schiff's motion to schedule specific payments is denied.

SO ORDERED.

Dated: August 6, 2026
New York, New York

J. PAUL OETKEN
United States District Judge